DAVID I. DALBY (SBN: 114750)
JOHN T. MENO (SBN: 231238)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:   415-362-6000
Facsimile:    415-834-9070
Email: ddalby@hinshawlaw.com
         jmeno@hinshawlaw.com

Attorneys for Defendant
CREDIT CONTROL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA BAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL SERVICES, INC.,<br><br>    Defendant. | Case No.: 13-CV-08124-LKK-EFB<br><br>**DEFENDANT CREDIT CONTROL SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hon. Lawrence K. Karlton<br><br>Notice of Removal: September 3, 2013 |

Defendant Credit Control Services, Inc. ("CCSI") answers the complaint of Tara Baker ("Plaintiff") as follows:

## INTRODUCTION

1.     In response to the allegations of paragraph 1, CCSI responds that paragraph 1 recites that this action is for alleged violations of the Fair Debt Collections Practices Act ("FDCPA") and the Rosenthal Fair Debt Collections Practice Act ("RFDCPA"). Except as expressly responded to above, CCSI denies the allegations of paragraph 1.

/ / /

/ / /

## PARTIES

2. In response to the allegations of paragraph 2, CCSI responds that it lacks sufficient information to respond to the allegations of paragraph 2 and on that basis denies the allegations.

3. In response to the allegations of paragraph 3, CCSI admits that at times it is in the business of collecting debts. Except as responded to above, CCSI responds that paragraph 3 contains legal conclusions and CCSI denies the allegation of paragraph 3.

4. In response to the allegations of paragraph 4, CCSI responds that it lacks sufficient information to respond to the allegations of paragraph 4 and on that basis denies the allegations.

5. In response to the allegations of paragraph 5, CCSI responds that paragraph 5 asserts a legal conclusion. Except as responded to herein and above, CCSI lacks sufficient information to respond to the remaining allegations of paragraph 5 and on that bases, denies the allegations of paragraph 5.

## FACTUAL ALLEGATIONS

6. In response to the allegations of paragraph 6, CCSI lacks sufficient information to respond to the allegations of paragraph 6 and on that basis, denies the allegations.

7. In response to the allegations of paragraph 7, CCSI lacks sufficient information to respond to the allegations of paragraph 7 and on that basis, denies the allegations.

8. In response to the allegations of paragraph 8, CCSI denies the allegations of paragraph 8.

9. In response to the allegations of paragraph 9, CCSI denies the allegations of paragraph 9.

10. In response to the allegations of paragraph 10, CCSI denies that it ever made any threats to Plaintiff.

11.   In response to the allegations of paragraph 11, CCSI denies the allegations of paragraph 11.

12.   In response to the allegations of paragraph 12, CCSI denies the allegations of paragraph 12.

13.   In response to the allegations of paragraph 13(a)-(g), CCSI denies the allegations of paragraph 13 (a)-(g).

14.   In response to the allegations of paragraph 14, CCSI denies that it violated the FDCPA or the RFDCPA, denies that it is liable to Plaintiff and further denies that Plaintiff is entitled to any actual damages, statutory damages, costs or attorney's fees pursuant to the FDCPA or RFDCPA.

## COUNT 1: ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15.   With respect to the allegations in paragraph 15 of the Complaint, CCSI incorporates by reference its responses to paragraphs 1-14 of the Complaint.

16.   In response to the allegations of paragraph 16, CCSI denies that it violated the RFDCPA in a willful or knowing matter and specifically denies that it committed multiple violations of the RFDCPA and the provisions cited in paragraph 13(a)-(g).

## COUNT 2: FAIR DEBT COLLECTION PRACTICES ACT

17.   With respect to the allegations in paragraph 17 of the Complaint, CCSI incorporates by reference its responses to paragraphs 1-16 of the Complaint and specifically denies that it committed multiple violations of the FDCPA and the provisions cited in paragraph 13(a)-(g).

## DEMAND FOR JURY TRIAL

18.   Defendant demands a jury trial.

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

19.   With respect to each cause of action alleged in the Complaint, Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statutory Compliance)

20.   CCSI alleges that at all time relevant herein, CCSI did not violate the Fair Debt Collections Practices Act.  Any alleged violation of the FDCPA, which CCSI denies occurred, was not intentional and would have result from a bona fide error not withstanding the maintenance or procedure reasonably adopted to avoid such an error.

### THIRD AFFIRMATIVE DEFENSE
### (Statutory Compliance)

21.   CCSI alleges that all time relevant herein, CCSI denies that it violated the Rosenthal Fair Debt Collections Practice Act.  CCSI alleges that any violation of the RFDCPA, which CCSI denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance or procedures reasonably adopted to avoid such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

22.   CCSI alleges that to the extent that any alleged communications occurred more than one year prior to the filing of the Complaint, Plaintiff is barred by the one-year statute of limitations pursuant to 15 U.S.C. § 1692k(d) from bringing any claim against CCSI as to those alleged communications.

## RESERVATION OF RIGHT TO AMEND

23.   CCSI reserves the right to amend its answer and to allege additional affirmative defenses based on facts discovered during the course of discovery and investigation in this action.

## PRAYER

Wherefore, CCSI prays for judgment, against Plaintiff as follows:

1.   That Plaintiff takes nothing by reason of the Complaint;

2.   For a declaration that CCSI has no obligation to pay any sum or sums on account of or based on the matters referenced in the Compliant;

3.   For cost of suit, and; for such other further relief in favor of CCSI that the Court may deem just and proper.

DATED: September 13, 2013                HINSHAW & CULBERTSON LLP


By: _____/S/ DAVID I. DALBY_____
　　　David I. Dalby
　　　John T. Meno
　　　Attorneys for Defendant
　　　Credit Collection Services, Inc.